SCANLAN & MURPHY et al., Appellees, v. ED FAHEY et al., Appellants.

**TRIAL:** Submission of Nonpleaded Contract. On the sole issue whether plaintiff was entitled to recover on a conceded contract for services the amount pleaded by him, or a lesser amount, as indicated by defendant in his testimony, the court, in presenting both contentions to the jury, is not guilty of the vice of according to plaintiff the right to recover on a *contract* not pleaded. Even conceding error *arguendo*, the same is fully effaced by the act of the jury in finding exactly in accord with plaintiff's pleadings.

*Appeal from Woodbury District Court.*—GEORGE JEPSON, Judge.

OCTOBER 26, 1920.

ACTION at law to recover commission for the sale of real estate. The answer was a general denial. There was a trial to a jury, and a verdict and judgment for the plaintiffs. The defendants appeal.—*Affirmed.*

*A. H. Bolton,* and *Pendleton & Wakefield,* for appellant.

*Van Oosterhout & Kolyn,* and *Sears, Snyder & Gleysteen,* for appellees.

EVANS, J.—We fail to discover any reason in the record why Matt Fahey should have been made a party defendant.

However, judgment was rendered against Ed Fahey alone. The plaintiffs are two real estate firms, each doing business as such at Rock Valley. Defendant Ed Fahey resided at Sioux City, but owned a half-section farm in Lyon County, near Rock Valley. Matt Fahey is the son of Ed Fahey, and represented his father as agent in matters pertaining to said farm. On behalf of his father, he listed the farm for sale upon identical terms with each of the plaintiff firms. These terms were that the price should be $235 per acre, out of which a commission of $2.00 was to be paid by Ed Fahey. The commission was to be divided, $1.00 to the selling agency, and $1.00 to Matt Fahey, who also was in the real estate business. Concededly, this contract pertaining to the commission was later modified. What the modification in fact was, presents the question of dispute. After such modification, the two real estate firms at Rock Valley co-operated in procuring a purchaser. Through such co-operation, a satisfactory purchaser was found, and a sale was made. The plaintiff firms sued jointly for a total commission due to themselves of $1,120. Under the testimony for the defendant, the jury could have found that the first modification of the contract was to put the price of the land at $237 per acre, and the commission at $3.00 per acre, of which Matt Fahey was to receive one third, and the selling agencies the remaining two thirds. The jury could also have found that, by a later modification, the price of the land was put at $237.50, and the commission fixed at $1,000, one half thereof to be retained by Matt Fahey, and the other half to be paid to the selling agencies.

Under the testimony of one member of the firm of Scanlan & Murphy, the jury could have found that, after the price of the land was put at $237.50, it was agreed that the commission should be $4.50 an acre, of which Matt Fahey should retain one half, and the selling agencies should receive the other half. Under the other testimony for the plaintiffs, the jury could have found that the increased price put upon the land was so put for the purpose of allowing a larger commission, and that the final commission

agreed upon was $4.50 per acre, of which $1.00 per acre should be retained by Matt Fahey. The verdict of the jury sustained this latter contention, and awarded a recovery of $1,120. The authority of Matt Fahey to make the commission contract on behalf of his father was conceded on the trial. That there was an express oral contract for the payment of a commission was also conceded. The trial court, therefore, instructed the jury that the plaintiffs were entitled to recover in some amount. It submitted the question of amount to the jury by appropriate instructions, and presented the respective contentions of the parties, as indicated by the evidence, to the consideration of the jury. This method of submission presents the principal grievance complained of by the appellant. It is urged in argument by appellant that only one contract was pleaded by the plaintiffs, and that this was denied by the defendant; that the plaintiffs must recover upon the contract pleaded, or not at all; and that they could not, in any event, recover upon a contract other than that pleaded by them; and that it was, therefore, error in the court to submit to the jury the question of liability as for any contract indicated by the mere testimony of the defendant. The legal propositions thus contended for by appellant are quite elementary, and would be tenable if they were applicable. Concededly, there was but one contract in force between these parties. There was no dispute as to its identity, or as to the time and place of its making. The sole dispute in the evidence was as to the terms of such contract. Both concede that an oral contract was consummated when the price was raised to $237.50, and that an express commission was fixed. This was the contract sued on by the plaintiffs. They were entitled to recover thereon the amount agreed upon in such contract. If they claimed too much, the jury was not thereby precluded from awarding them less.

Even if there were technical error on the part of the court in submitting the issue of amount as made by conflicting testimony, no prejudice resulted therefrom to the defendant. The jury found the contract to be as alleged

by the plaintiffs. The plaintiffs did, therefore, recover upon the precise contract, in the terms alleged by them. The fact that the court permitted the jury to award a smaller sum, in response to the testimony of the defendant, was favorable to the defendant, and not prejudicial. If the jury had awarded a verdict for the smaller sum, there would have been some room for argument upon defendant's theory that, inasmuch as the plaintiffs had failed to recover upon the contract in the form and terms alleged by them, they should not be permitted to recover at all. The verdict of the jury for the larger amount is a complete answer to this feature of appellant's argument. The only errors urged by appellant rest upon the foregoing general proposition. The verdict of the jury is quite conclusive against him. The judgment below is, therefore,—*Affirmed*.

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.